# EXHIBIT A

# Trolley Pub of North Carolina, LLC

February 3, 2013

## MEMORANDUM OF TERMS FOR A PROPOSED BUSINESS PARTNERSHIP AGREEMENT

Trolley Pub of North Carolina, LLC (the "Company"), proposes to create a Business Partnership (the "Venture") with Tom Lapham ("Lapham") on the following terms:

| | |
|---|---|
| Summary: | The Company and Lapham (collectively, the "Parties") agree to create a Virginia Limited Liability Company entitled "Trolley Pub of Virginia, LLC" which will engage in a business according the business model discussed over the past month. The Parties agree that will be a joint effort with both shared and individual responsibilities. |
| Choice of Entity, etc | The Parties agree that the Venture shall take the form of a Trolley Pub Subsidiary, in the business entity of a Virginia Limited Liability Company (LLC). The LLC shall be perpetual and filed with the Secretary of the State of Virginia. The Parties will agree on an Articles of Organization and an Operating Agreement with terms not inconsistent with those in this Agreement. The LLC shall be member-managed. Lapham shall serve as the statutory agent and his residence shall be the registered address (if applicable). The entity will select pass-through taxation. |
| Initial Contributions: | Lapham shall capitalize the Venture with Sixty Thousand Dollars ($60,000). The Company shall contribute to the Venture the listed intellectual property, trade secrets, business knowhow/plans and perpetual commitments. |
| Anticipated Closing Date: | February 4, 2013. |
| Future Contributions: | The Parties may decide to make additional contributions as required for the development of the Venture. Additional contributions made by Lapham for the purchase of additional Trolley Pubs will be subject to a 100% preference on distributions from the earnings generated by said Trolley Pubs. |
| Management: | Joint Management |

The following management areas will be the joint responsibility of the Parties:
  i. Imperative communication with the media, government authorities and other interested entities (if the nature of the communication requires immediate action).
  ii. Urgent actions necessary to protect the interests of the Venture.

<u>Lapham's Responsibilities</u>.

The following areas will primarily the responsibility of Lapham:
  i. Local business relations and promotions
  ii. Ground logistics (if necessary)
  iii. Strategy and planning
  iv. Crisis management
  v. Local communication (if necessary)

<u>The Company's Responsibilities</u>.
The following areas will primarily be the responsibility of the Company:
  i. Operations
  ii. Public relations
  iii. Human resources
  iv. Marketing
  v. Website management
  vi. Booking and systems logistics
  vii. Legal
  viii. R&D
  ix. Supplier Management
  x. Accounting
  xi. Tax
  xii. Insurance
  xiii. Banking and Financial Analysis

<u>Annual Meeting</u>

The Parties shall meet (in-person or online) once a year to discuss the status of the Venture and create an annual report and strategic plan.

Decision-making:   Fundamental changes shall be made by unanimous consent

|  |  |
|---|---|
|  | and require written minutes. The Parties shall have the right to make decisions in the areas in which they are responsible. Ad-hoc or minor decisions may be made joint and severally as necessary. |
| Budget & Financial Planning: | The Fiscal Year shall be April 1st through March 31st. The Parties shall approve (by unanimous vote) an annual budget/projections for each Fiscal Year. At the end of each quarter (Jan 31, April 31, Aug 31 and Nov 31) the Company shall produce a quarterly statement which shall include a balance sheet, income statement and statement of cash flows. At the end of each year, the Company shall produce a financial report. |
| Capital Allocations, etc: | (1) <u>Share Ratio and Capital Accounts</u><br><br>A Capital Account shall be kept for each of the Parties. The Company shall own 50% of the Venture and Lapham shall own 50% of the Venture. Therefore, all allocations shall be allocated to the Parties' respective accounts according their respective Sharing Ratios.<br><br>(2) <u>Profits and Losses</u><br><br>Profits or losses will be determined quarterly and adjusted annually. Profits and losses shall be determined by taking the net revenue less net costs.<br><br>(3) <u>Distributions</u><br><br>Distributions (if any) to the Parties shall be made quarterly, two weeks after the close of the quarter, in proportion to their respective Sharing Ratio. The total amount of the distribution (if any) for any quarter will be determined by the Parties after the release of the quarterly report. |
| Intellectual Property: | Intellectual Property developed in the course of the Venture is the property of the Venture. The Company's Intellectual Property that is contributed to the Venture is licensed to the Venture and may only be used in conjunction with the course of business of the Venture. Licensed Intellectual Property is nonassignable. The Company shall contribute the following Intellectual Property and Trade Secrets to the Venture: |

|     |     |
| --- | --- |
| i.   | Trademark |
| ii.  | Branding |
| iii. | Business Plans |
| iv.  | Financial Models |
| v.   | Strategies |
| vi.  | Marketing, design |
| vii. | Domain names |
| viii.| Other TBD |

Dissolution: Dissolution of the Venture requires mutual consent with documented minutes of the vote. Liquidation shall be distributed according to the Sharing Ratio.

Dispute Resolution: Should a dispute arise between the Parties in connection with this Agreement or the Venture, the Parties agree to first attempt to solve the problem through negotiation, then mediation and finally through binding arbitration.

(the remainder of this page is intentionally left blank)

The purpose of this Memorandum of Terms is to express the mutual intent of the parties hereto to proceed in good faith and as expeditiously as possible towards consummation of the proposed transaction on such terms and conditions. This summary does not constitute the legally binding agreement of any party to consummate the proposed transaction on the terms and conditions contained herein.

This Memorandum may be executed in any number of counterparts, each of which shall be an original, but all of which together shall constitute one instrument. This Memorandum shall expire at 9:00 p.m. Eastern Standard Time on February 18, 2013, if it has not been signed by Investor and returned to the Company, or returned with a proposed amendment.

LAPHAM:

Tom Lapham

_____
(Signature)

Date: 2-4-____, 2013

ACKNOWLEDGED:

COMPANY:

Trolley Pub of North Carolina, LLC

By _____
Print Name: Kai Kaapro
Title: Member/Managing Partner
Date: Feb 4, 2013